FIFTH DIVISION
June 8, 2007

Nos. 1-05-2377 & 1-05-3244 (consolidated)

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| THEODORE LUCZAK, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | John J. Mannion and |
| | ) | Marjorie C. Laws, |
| | ) | Judges Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

On February 2, 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

After serving these concurrent sentences, defendant was charged under indictment No. 95 CR 14118, with aggravated criminal sexual assault, criminal sexual assault, aggravated kidnaping, and unlawful restraint. A jury found defendant guilty of two counts of aggravated criminal sexual assault and he was sentenced to consecutive prison terms of 60 and 40 years. Defendant appealed these convictions, arguing that the trial court erred in allowing evidence of

1-05-2377 & 1-05-3244 (consolidated)

one of his prior crimes of sexual assault. This court affirmed his conviction and held that the prior crime evidence was relevant to defendant's intent and modus operandi. People v. Luczak, 306 Ill. App. 3d 319, 326-27 (1999), appeal denied, 185 Ill. 2d 650 (1999), cert. denied, 528 U.S. 1164, 145 L. Ed. 2d 1088, 120 S. Ct. 1182 (2000).

In June of 1999, defendant filed a pro se post-conviction petition seeking an order, pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2004)) to allow DNA testing of evidence in connection with his trial for case No. 95 CR 14118. On July 7, 1999, the trial court denied this petition, explaining that defendant could have raised the issue of DNA testing during direct appeal but did not, and thus, the petition was untimely and without merit. Defendant did not appeal. On March 27, 2000, defendant filed a successive post-conviction petition alleging several issues including ineffective assistance of appellate counsel and due process violations. He did not request any relief under the DNA statute as he had requested previously. This petition was also denied, and defendant filed a timely notice of appeal. On appeal, this court, on June 25, 2001, affirmed the judgment of the trial court. People v. Luczak, No. 1-00-1645 (2001) (unpublished order under Supreme Court Rule 23). The mandate issued on November 5, 2001.

In May 2001, defendant filed another pro se motion to vacate a void judgment in which he argued that his consecutive extended-term sentences were unconstitutional in light of the principles articulated in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court ruled that Apprendi did not apply to recidivism or consecutive sentencing and denied defendant's motion and this court affirmed. People v. Luczak, No. 1-01-

2

1-05-2377 & 1-05-3244 (consolidated)

3197 (2003) (unpublished order under Supreme Court Rule 23).

In September 2002, defendant filed a habeas corpus petition alleging that his indictment in No. 95 CR 14118 was faulty and that the court could not have entered a valid judgment. The trial court denied that petition on October 22, 2002, and on appeal this court granted counsel's motion to withdraw pursuant to Finley (Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987)) and affirmed the trial court's decision. Luczak v. Mote, No. 1-03-0005 (2004) (unpublished order under Supreme Court Rule 23).

On January 10, 2005, defendant filed a motion, pursuant to section 116-3 (725 ILCS 5/116-3 (West 2004)), to permit DNA testing on evidence used in his trial under No. 95 CR 14118. Defendant also filed a pro se petition which he labeled as a "Petition for a Writ of Habeas Corpus Ad Testificandum" seeking to appear in court and argue the motion. The court denied both the habeas corpus petition and the section 116-3 motion.

On February 14, 2005, defendant filed a motion for free transcripts, alleging that he would be seeking to withdraw his guilty pleas from his convictions in Nos. 89 CR 6782, 89 CR 6783, and 89 CR 6784. Those guilty pleas were entered on February 2, 1990. On July 1, 2005, defendant filed his motion to withdraw his guilty pleas from these convictions. In July of 2005, defendant was granted leave to file a late notice of appeal from the 1990 guilty pleas.

Defendant presents this court with consolidated appeals seeking review of (1) the denial of his 2005 section 116-3 motion for DNA testing as related to his convictions under No. 95 CR 14118; (2) the denial of his petition for writ of habeas corpus; and (3) the denial of his motion for free transcripts from his cases previously resolved by pleas of guilty on February 2, 1990. The

3

1-05-2377 & 1-05-3244 (consolidated)

factual basis for defendant's convictions under No. 95 CR 14118 is fully discussed in People v. Luczak, 306 Ill. App. 3d 319 (1999), and will only be repeated as needed to resolve the instant case. We address each issue in turn.

## I. SECTION 116-3 DNA MOTION

Defendant contends that the trial court erred in dismissing his section 116-3 motion seeking DNA testing on evidence introduced at his trial under No. 95 CR 14118. In support of that contention, defendant argues that (1) the court relied upon an order from the appellate court that did not exist; and (2) the court erred in treating defendant's motion for DNA testing as a post-conviction petition and summarily dismissing the motion. A trial court's dismissal of a motion seeking DNA testing under section 116-3 is reviewed de novo. People v. Price, 345 Ill. App. 3d 129, 133 (2003). De novo review "is appropriate because the trial court's decision on such a motion is necessarily based upon a review of the pleadings and trial record and is not based on an assessment of the credibility of witnesses." Price, 345 Ill. App. 3d at 133.

Section 116-3 provides as follows:

> "(a) A defendant may make a motion before the trial court
>
> that entered the judgment of conviction in his or her case for the
>
> performance of fingerprint or forensic DNA testing, including
>
> comparison analysis of genetic marker groupings of the evidence
>
> collected by criminal justice agencies pursuant to the alleged
>
> offense, to those of the defendant, to those of other forensic
>
> evidence, and to those maintained under subsection (f) of Section

4

5-4-3 of the Unified Code of Corrections, on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial. Reasonable notice of the motion shall be served upon the State.

(b) The defendant must present a prima facie case that:

(1) identity was the issue in the trial which resulted in his or her conviction; and

(2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.

(c) The trial court shall allow the testing under reasonable conditions designed to protect the State's interests in the integrity of the evidence and the testing process upon a determination that:

(1) the result of the testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence even though the results may not completely exonerate the defendant;

1-05-2377 & 1-05-3244 (consolidated)

(2) the testing requested employs a scientific method

generally accepted within the relevant scientific

community." 725 ILCS 5/116-3 (West 2004).

Section 116-3 permits a defendant to make a motion for DNA testing "on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial." 725 ILCS 5/116-3(a) (West 2004). In order to present a prima facie case for DNA testing, "the defendant must show that identity was the central issue at trial and that the evidence to be tested was subject to a sufficiently secure chain of custody." People v. Johnson, 205 Ill. 2d 381, 393 (2002). If defendant demonstrates a prima facie case then the trial court must determine whether DNA testing will potentially produce new, noncumulative evidence that is materially relevant to the defendant's actual-innocence claim. Johnson, 205 Ill. 2d at 393.

A. DNA Motion Properly Dismissed As Res Judicata

The doctrine of res judicata bars consideration of issues that have been previously raised and adjudicated. People v. Blair, 215 Ill. 2d 427, 443 (2005); People v. Williams, 138 Ill. 2d 377, 392 (1990). Defendant argues that Judge Laws erred in denying his DNA motion because she mistakenly believed the appellate court had previously resolved the DNA issue and as a result concluded that his 2005 DNA motion was barred by res judicata.

On June 30, 1999, defendant in a pro se post-conviction petition sought to obtain an order

6

to allow DNA testing of evidence used in the trial of case No. 95 CR 14118. On July 7, 1999, that post-conviction petition was denied by Judge Fiala. Defendant did not appeal. Defendant filed another pro se post-conviction petition on March 27, 2000, which was denied by Judge Fiala on April 6, 2000. Defendant appealed and raised several issues; however, neither the March 2000 petition nor the appeal from its denial raised any DNA issues. On appeal, dismissal of the second pro se petition was affirmed. People v. Luczak, No. 1-00-1645 (2001) (unpublished order under Supreme Court Rule 23).

On January 10, 2005, defendant filed a pro se section 116-3 motion to obtain DNA testing of the evidence used in the trial of case No. 95 CR 14118. Defendant also filed a pro se petition for writ of habeas corpus in connection with the DNA motion. In resolving the DNA motion, Judge Laws noted that Judge Fiala, on July 7, 1999, had previously denied a motion to allow DNA testing; accordingly, she denied the motion because it had already been decided by Judge Fiala. She mistakenly indicated that this previous ruling by Judge Fiala had been affirmed on November 7, 2001, by the appellate court, unaware that defendant had not in fact appealed Judge Fiala's denial of his 1999 post-conviction petition seeking DNA testing. She, however, further correctly noted that section 116-3 required identity to be an issue at the time of trial in order to apply. In support of denying defendant's 2005 DNA motion, she noted that identity was not an issue during the trial of case No. 95 CR 14118 and indicated as follows:

"It appears that the defendant filed the same motion on June 22nd of 1999, a motion to allow DNA testing. Judge Fiala dismissed that motion, it appears, on July 7th of 1999 finding that

7

the petition was untimely, without merit, and denied it accordingly. Judge Fiala's finding was affirmed by the Appellate Court on November 7th of 2001.

I will again deny the motion for DNA testing. It's an issue that has already been decided by Judge Fiala and affirmed by the Appellate Court.

I must add that the defendant has filed this motion under 725 ILCS 5/116-3. One of the requirements is that identity is an issue at the time of trial.

I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim.

So I don't believe that he has even met the criteria for 725 ILCS 5/116-3. I'll ask the clerk to notify the defendant of my decision. Motion is denied.

And the defendant's Petition for Writ of Habeas Corpus Relief in that he wants to appear in court for the hearing on the matter is also denied, and the matter is taken off call."

The record reflects that Judge Fiala, on July 7, 1999, denied a DNA motion made in connection with defendant's pro se petition filed by defendant in June 1999.  Defendant did not appeal that ruling; accordingly, Judge Laws was mistaken when she indicated Judge Fiala's ruling was affirmed by the appellate court.  However, that mistaken belief in no way changed the fact that defendant in 1999 sought DNA testing in connection with his post-conviction petition which was considered by Judge Fiala and denied by Judge Fiala in 1999.  Judge Laws was not mistaken when she noted that defendant had previously brought the same issue before Judge Fiala in 1999.  Thus, the record reflects that Judge Laws correctly denied defendant's 2005 DNA motion because the same issue had already been decided by Judge Fiala in 1999 and accordingly was barred by the principles of res judicata.

B. Summary Dismissal of DNA Motion Was Not Reversible Error

Defendant further argues that his 2005 DNA motion was not properly dismissed by Judge Laws because the "subject motion of January 2005 was brought under section 5/116 (725 ILCS 5/116-3 (West 2000)) Motion for DNA Testing, while the June, 1999 filing was made pursuant to the Post Conviction Hearing Act (Act)  (725 ILCS 5/122 (West 2000))."  He argues that these "are two separate statutes enumerating separate classes[,] statutory rights."  Essentially, defendant contends that the ruling by Judge Laws denying defendant's DNA motion was in error because she treated his DNA motion like a post-conviction petition and then summarily dismissed it.  In support of his position, defendant argues "the Illinois Supreme Court in People v. Shellstrom, 216 Ill. 2d 45, 52-57 (2005), and People v. Pearson, 216 Ill. 2d 58, 66-67 (2005),

9

held that the recharacterization of a pleading of a pro se litigant as a successive post-conviction petition prior to dismissal of such petition, without notice and warning to the defendant, and without affording the defendant an opportunity to withdraw or amend the pleading, is reversible error."

We disagree with defendant's characterization of the resolution of the motion by Judge Laws. Judge Laws noted that defendant filed the same motion in June of 1999, a motion to allow DNA testing. However, further during her discussion she specifically indicated her recognition of the fact that the 2005 DNA motion at issue in the instant case was filed under section 116-3. She stated: "I must further add that the defendant has filed this motion under 725 ILCS 5/116-3." She then accurately discussed the specific requirements imposed by the DNA statute including the fact that "identity is an issue at the time of trial." Mindful of the requirements of the DNA statute, she accurately referenced in substance the appellate court case from 1999 affirming defendant's conviction (People v. Luczak, 306 Ill. App. 3d 319 (1999)), and she concluded: "I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim."

The record reflects that Judge Laws was well aware of the fact that the motion at issue in the instant case was not made in connection with a post-conviction petition but, rather, was a DNA motion under section 116-3. We reject defendant's argument that Judge Laws recharacterized his DNA motion as a post-conviction petition. The DNA statute specifically

provides for the DNA motion to be brought by the defendant before the trial court that entered judgment of conviction, which is exactly what the defendant did in this case. 715 ILCS 5/116-3(a) (West 2004). Judge Laws specifically referenced the DNA statute. Under that statute, before the trial court shall consider whether to allow DNA testing, the defendant must present a prima facie case that identity was the issue in the trial and that the evidence has been subject to a sufficient chain of custody. Johnson, 205 Ill. 2d at 393; 725 ILCS 5/116-3(b)(1), (b)(2) (West 2004). The record reflects that Judge Laws was well aware of the law and correctly applied it in resolving defendant's section 116-3 DNA motion. Substantively, the dismissal of the defendant's DNA motion was proper because it was barred by the principles of res judicata and the record precluded defendant from presenting a prima facie case that identity was the issue in the trial.

However, defendant also procedurally challenges the summary dismissal of the DNA motion as reversible error relying on People v. O'Connell, 365 Ill. App. 3d 872 (2006), appeal allowed, 221 Ill. 2d 662 (2006). Defendant argues that O'Connell "held that summary dismissal of a motion for evidentiary DNA testing is illegal." The court in O'Connell noted that section 116-3, like section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)), confers a limited right to challenge a conviction and lacks any express procedural provisions. Relying on People v. Dyches, 355 Ill. App. 3d 225, 229 (2005), the court in O'Connell refused to read special summary dismissal procedures into section 116-3 and concluded that "[t]he trial court must, at a minimum, provide notice to the defendant of its sua sponte motion to dismiss, and the court must give the defendant an opportunity to respond." O'Connell, 365 Ill. App. 3d at

11

1-05-2377 & 1-05-3244 (consolidated)

877. However, the court further held that "harmless error analysis applies to the summary dismissal of a post-conviction petition for DNA testing of evidence." O'Connell, 365 Ill. App. 3d at 877.

We agree with O'Connell's recognition of the need for the trial court to provide notice to defendant and give the defendant an opportunity to be heard before summarily dismissing a DNA petition. We also agree with O'Connell that the harmless error analysis applies to summary dismissal of a DNA petition. We are well aware, for the reasons previously discussed, that in the instant case, defendant's DNA motion under section 116-3 was not recharacterized by the trial court as a post-conviction petition. Moreover, the DNA motion was not brought in connection with section 2-1401. Cases previously recognizing the need for the court to provide defendant notice and an opportunity to be heard have done so in the context of resolving a section 2-1401 petition (Dyches, 355 Ill. App. 3d 225) or post-conviction petition (People v. Sargent, 352 Ill. App. 3d 946 (2005)).

We conclude, however, that it is similarly unfair to a defendant, when faced with a proposed sua sponte summary dismissal of a section 116-3 motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice. See People v. Anderson, 352 Ill. App. 3d 934, 942 (2004). We hold that summary dismissal, which is a drastic procedure, should not be read into section 116-3; accordingly, a defendant is entitled to notice and an opportunity to be heard regarding a section 116-3 DNA motion.

12

We recognize that our holding is consistent with the principals articulated in <u>Dyches</u>, 355 Ill. App. 3d at 229, but conflicts with the Fourth District's holding in <u>People v. Stevens</u>, 315 Ill. App. 3d 781 (2000). In <u>Stevens</u>, the trial court summarily dismissed the defendant's motion for post-conviction DNA testing under section 116-3. In discussing section 116-3, the court in <u>Stevens</u> stated as follows:

> "Section 116-3 does not state that a defendant is entitled to a hearing. Under defendant's interpretation of the statute, a trial court must hold a hearing on every motion regardless of the merits of the motion. Courts will not interpret a statute to guarantee a hearing as a matter of right without such language in the statute. [Citations.] We conclude that defendant was not entitled to a hearing as a matter of right and the trial court properly denied defendant's motion." <u>Stevens</u>, 315 Ill. App. 3d at 784.

The court in <u>Stevens</u> affirmed the denial of defendant's motion "because (1) section 116-3 of the Code does not require that the trial court conduct a hearing on defendant's petition, (2) identity was not the issue in the trial that resulted in defendant's conviction, and (3) the blood he sought to have tested would not produce new, noncumulative evidence materially relevant to defendant's assertion of actual innocence." <u>Stevens</u>, 315 Ill. App. 3d at 784.

In <u>Dyches</u>, 355 Ill. App. 3d at 229, we recognized the need for the court to provide a defendant notice and an opportunity to be heard in the context of a section 2-1401 petition. We held that "summary dismissal, which is a drastic procedure, should not be read into the

procedures provided by section 2-1401." Dyches, 355 Ill. App. 3d at 229. However, we further held that "harmless error analysis should still be applied where defects in a section 2-1401 petition are patently incurable." Dyches, 355 Ill. App. 3d at 229.

Similar to Dyches, harmless error analysis should apply where defects in a section 116-3 DNA motion are patently incurable. If dismissal of the DNA motion is inevitable and further proceedings would have little remedial effect and only delay dismissal, then summary dismissal should be affirmed based on harmless error. See Anderson, 352 Ill. App. 3d at 948 (summary dismissal of a section 2-1401 petition is subject to harmless error analysis); see Sargent, 352 Ill. App. 3d 946 (reiterated Anderson's holding that summary dismissal, even if regarded as procedurally erroneous, remains subject to harmless error analysis, although Sargent addressed summary dismissal of a post-conviction petition, not summary dismissal of a section 2-1401 petition). We believe our application of the harmless error analysis in the context of a section 116-3 DNA motion is consistent with the general duty of the reviewing court to consider the record as a whole and ignore harmless errors. See Dyches, 355 Ill. App. 3d at 229 ("harmless error analysis should still be applied where defects in a section 2-1401 petition are patently incurable").

As previously noted, the court in O'Connell similarly recognized that harmless error analysis applies to the summary dismissal of a DNA post-conviction petition. O'Connell, 365 Ill. App. 3d at 877 ("following Dyches, we further hold that harmless error analysis applies to the summary dismissal of a post-conviction petition for DNA testing of evidence"). In O'Connell, the trial court dismissed the DNA post-conviction petition because defendant pled guilty to the

1-05-2377 & 1-05-3244 (consolidated)

charges, and therefore, the court reasoned, he could not meet the statutory requirement of showing that "identity was the issue in the trial." 725 ILCS 5/116-3(b)(1) (West 2004). However, in O'Connell, after considering the record as a whole, based on the underdeveloped nature of the record, the appellate court indicated that it could not conclude that any error in denying the DNA post-conviction petition was harmless:

> "This court and the trial court could both benefit from a fuller development of the arguments concerning interpretation of section 116-3. Because we cannot conclude that the procedural defects had no prejudicial effect, we reverse and remand for proper notice of the court's sua sponte motion to dismiss and to give defendant an opportunity to respond to the dispositive motion." O'Connell, 365 Ill. App. 3d at 878.

Thus, O'Connell recognized application of the harmless error analysis, but found the record in that particular case did not allow it to affirm the dismissal of the DNA post-conviction petition because the court could not conclude that any error in denying the DNA petition was in fact harmless error.

We are mindful that the O'Connell case is currently under consideration by the Illinois Supreme Court. People v. O'Connell, 365 Ill. App. 3d 872 (2006), appeal allowed, 221 Ill. 2d 662 (2006). We take no position on whether any error in denying the DNA petition in the context of the plea of guilty at issue in O'Connell was in fact harmless, as that is currently under consideration by the supreme court and not relevant to the issue in the instant appeal. O'Connell,

15

365 Ill. App. 3d at 877. Rather, we rely on O'Connell only for the specific principle that the harmless error analysis can apply to the summary dismissal of a DNA petition. O'Connell, 365 Ill. App. 3d at 877.

We note that defendant, in relying on O'Connell, argues that "the Illinois Appellate Court has held that summary dismissal of a motion for evidentiary DNA testing is illegal." That argument fails to take into consideration that while O'Connell recognizes summary dismissal should not be read into section 116-3, O'Connell also recognizes that summary dismissal depending on the record as a whole can be recognized as error, but affirmed if harmless error. O'Connell, 365 Ill. App. 3d at 877.

In the instant case, for the reasons previously discussed, we review the record as a whole and consider whether the summary dismissal of defendant's section 116-3 DNA motion was harmless error. Section 116-3 provides in pertinent part:

> "(b) The defendant must present a prima facie case that
>
> (1) identity was the issue in the trial which resulted in his or
>
> her conviction." 725 ILCS 5/116-3 (West 2004).

Defendant alleged in his motion that identity was the issue at trial. However, the well-developed record in the instant case directly rebuts that allegation. Unlike the court in O'Connell, which reviewed a record reflecting a defendant's guilty plea, in the instant case, we review a far more extensive record. Defendant brings the section 116-3 DNA motion as the result of his conviction of two counts of aggravated criminal sexual assault after a fully litigated jury trial in case No. 95 CR 14118.

16

On direct appeal of those two convictions, defendant argued that since he admitted to having been with the victim, other crime evidence was not relevant to establish defendant's identity or intent. People v. Luczak, 306 Ill. App. 3d 319, 327 (1999). We affirmed his conviction and held that the prior crime evidence was relevant to defendant's intent and modus operandi. Luczak, 306 Ill. App. 3d at 327.

Moreover, the record reflects, defendant, in an interview with the police before trial, admitted to the police that he engaged in sex with the victim for money. Luczak, 306 Ill. App. 3d at 322. Defendant, during trial, admitted being with the victim during the time frame when the victim testified the sexual assault occurred; however, he denied having sexual contact with the victim. Luczak, 306 Ill. App. 3d at 323. According to defendant's testimony he was driving around with the victim because she wanted to buy some cocaine and he helped get the cocaine for her to purchase. Luczak, 306 Ill. App. 3d at 323. Defendant testified that an argument occurred as a result of a dispute over the cost of the cocaine and defendant eventually kicked the victim out of the car. Luczak, 306 Ill. App. 3d at 323.

In response to defendant's argument on appeal that since he admitted to being with the victim any evidence of other crimes was not relevant to identity or intent, we found other crime evidence was not admissible to prove identity but, rather, to prove defendant's intent and modus operandi. Luczak, 306 Ill. App. 3d at 327. We affirmed defendant's conviction. People v. Luczak, 306 Ill. App. 3d 319, appeal denied, 185 Ill. 2d 650 (1999), cert. denied, 528 U.S. 1164, 145 L. Ed. 2d 1088, 120 S. Ct. 1182 (2000).

As previously noted, defendant, in June of 1999, filed a post-conviction petition seeking

1-05-2377 & 1-05-3244 (consolidated)

an order, pursuant to section 116-3, to allow DNA testing of evidence used in his trial. On July 7, 1999, the trial court denied this petition, explaining that defendant could have raised the issue of DNA testing on direct appeal but did not, and thus, the petition was untimely and without merit. That ruling was not appealed by defendant. On March 27, 2000, defendant filed a successive post-conviction petition alleging various issues, but none of those issues were in any way related to DNA testing. This petition was also denied, and on appeal, this court affirmed the dismissal of the petition by the trial court. People v. Luczak, No. 1-00-1645 (2001) (unpublished order under Supreme Court Rule 23).

In the instant case, defendant, in 2005, filed a motion pursuant to section 116-3 to permit DNA testing on evidence related to his trial under No. 95 CR 14118. However, the record reflects the inherent defect in defendant's DNA motion is patently incurable. Judge Laws summarily dismissed defendant's motion noting as follows:

> "One of the requirements is that identity is an issue at the time of trial. I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim."

Both the trial and appellate record directly and repeatedly rebut the fact that identity was an issue in the trial which resulted in defendant's conviction. We find, in the instant case, that regardless

18

of whether the circuit court erred in failing to provide defendant with notice and an opportunity to be heard before summarily dismissing his section 116-3 DNA motion, defendant could not have cured the inherent defect in his DNA motion because he could not allege, or present a prima facie case that identity was the issue in the trial which resulted in his conviction as required by section 116-3. 725 ILCS 5/116-3 (West 2004). The summary dismissal of the DNA motion was inevitable and further proceedings would only have delayed the result. Accordingly, any procedural error was harmless.

For the reasons previously discussed, dismissal of defendant's DNA motion was proper because it was barred by the principles of res judicata and the record precluded defendant from presenting a prima facie case that identity was the issue in the trial which resulted in his conviction. Moreover, any procedural error in summarily dismissing defendant's DNA motion was harmless error.

## II. HABEAS CORPUS

Defendant's third contention is that the trial court erred in dismissing his petition for writ of habeas corpus. Defendant argues that the trial court summarily dismissed his petition in violation of the Habeas Corpus Act (Act) (735 ILCS 5/10-101 et seq. (2002)). Whether the trial court complied with the applicable statutory procedure is a question of law, and the standard of review is de novo. See Woods v. Cole, 181 Ill. 2d 512, 516 (1998). Defendant cites to People v. Winfrey, 347 Ill. App. 3d 987, 989 (2004), for the proposition that the trial court is not authorized under the Act to summarily dismiss a habeas corpus petition.

We recognize a dispute among the districts of this court as to whether a trial court may

19

1-05-2377 & 1-05-3244 (consolidated)

summarily dismiss a defendant's habeas corpus petition. Compare People v. Land, 366 Ill. App. 3d 1183, 1187 (4th Dist. 2006) (trial court has inherent authority to sua sponte dismiss habeas corpus petition), People v. Tiller, 361 Ill. App. 3d 803, 806 (5th Dist. 2005) (affirming summary dismissal of habeas corpus petition), and People v. Carroll, 351 Ill. App. 3d 972 (1st Dist. 2004) (summary denial of habeas corpus petition is proper), with Winfrey, 347 Ill. App. 3d at 989 (2d Dist. 2004) (dismissing habeas corpus petition without giving defendant notice and an opportunity to respond to trial court's action is reversible error).

In Carroll, this court summarily denied a habeas corpus petition where defendant did not raise any legal argument or cite legal authority to support his claim under the Act and no prejudice resulted from summary dismissal. Carroll, 351 Ill. App. 3d at 975. In recognizing the dispute among the districts regarding summary dismissal, this court declined to follow the Second District's holding in Winfrey. Carroll, 351 Ill. 3d at 975.

We note under the Act, a prisoner is entitled to an immediate release from incarceration if the term during which the prisoner may be legally detained has expired. 735 ILCS 5/10-123(2) (West 2000). Additionally, the Act provides that a prisoner may be discharged where, although the original imprisonment was lawful, some subsequent act, omission, or event has occurred entitling the prisoner to a discharge. 735 ILCS 5/10-124(2) (West 2000).

Defendant pro se filed what he labeled a "Petition for a Writ of Habeas Corpus Ad Testificandum." His petition noted that on "December 22, 2004, defendant caused to be filed Motion to allow DNA Testing and Discovery." Defendant further alleged in his petition that his case "depends in large part on his own testimony" and requested to be present to manage the

20

presentation of his case. Specifically, defendant alleged that he "should have the legal right to cross-examine any of the plaintiff's witnesses, and to have the court hear his case and to present appropriate rebuttal evidence." Defendant's petition does not identify any specific reason why he is entitled to habeas corpus relief under the Act; however, he contends that the Act does not allow summary dismissal.

Similar to the defendant in this case, the defendant in Carroll argued on appeal that the Habeas Corpus Act did not allow summary dismissal of his petition. Carroll, 351 Ill. 3d at 974. A review of the record reflects that defendant's petition, like the petition in Carroll, did not raise any legal issue cognizable under the Act, or raise any legal argument or legal authority to support his claim; accordingly, no prejudice resulted from the dismissal.

As previously noted, the trial court did not recharacterize defendant's pleading as a post-conviction petition. See People v. Shellstrom, 216 Ill. 2d 45, 56 (2005) (in light of obstacles associated with successive post-conviction petition, trial court must give a pro se petitioner notice before recharacterizing a pleading as a first post-conviction petition). Defendant had already filed successive post-conviction petitions which had been resolved prior to the DNA motion and habeas corpus petition which were filed in the instant case. Rather than recharacterize his petition, the trial court addressed the precise petition presented and the precise relief requested by defendant and concluded that "the defendant's Petition for Writ of Habeas Corpus Relief in that he wants to appear in court for the hearing on the matter is also denied, and the matter is taken off call." That ruling directly addressed the relief requested in defendant's "Petition For Writ of Habeas Corpus Ad Testificandum," specifically to be present to manage his

1-05-2377 & 1-05-3244 (consolidated)

case, cross-examine witnesses and present rebuttal evidence. Defendant's petition failed to raise any legal argument or legal authority to support his habeas corpus claim and no prejudice resulted from the summary dismissal. For the reasons previously discussed, we conclude the trial court properly dismissed defendant's habeas corpus ad testificandum petition.

### III. FREE TRANSCRIPTS MOTION

Defendant's final contention on appeal is that the trial court erred in denying him free copies of transcripts of the proceedings from his pleas of guilty and sentences in case Nos. 89 CR 6782, 89 CR 6783, and 89 CR 6784. On February 2, 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

Defendant's argument that he is entitled to free transcripts under Illinois Supreme Court Rule 605(b)(5) is without merit. 210 Ill. 2d R. 605(b)(5). The State argues correctly that under Rule 605(b)(2), defendant must have filed a motion to vacate "within 30 days of the date on which sentence is imposed." 210 Ill. 2d R. 605(b)(2). Defendant pled guilty on February 2, 1990, and did not file a motion to vacate his guilty pleas until July 1, 2005. Since defendant waited over 15 years to file a motion to vacate his guilty pleas, the time has expired and he is not entitled to free transcripts. Accordingly, the judgment of the trial court denying defendant's request for free transcripts is affirmed.

IV. CONCLUSION

For the reasons previously discussed, dismissal of defendant's section 116-3 DNA motion was proper because it was barred by the principles of <u>res judicata</u> and the record precluded defendant from presenting a <u>prima facie</u> case that identity was the issue in the trial which resulted in his conviction under No. 95 CR 14118. Any procedural error in dismissing the section 116-3 DNA motion was harmless error because the inherent defect regarding the issue of identity in defendant's DNA motion was patently incurable. Defendant's petition for <u>habeas corpus</u> was properly dismissed. The defendant was not entitled to free transcripts from his pleas of guilty to a series of sexual assault charges entered in February 1990 under Nos. 89 CR 6782, 89 CR 6783 and 89 CR 6784.

The judgment of the circuit court of Cook Country is affirmed

Affirmed.

TULLY and GALLAGHER, JJ., concur.