2021 IL App (1st) 173139-U

No. 1-17-3139

Order filed August 12, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 95 CR 14118 |
| | ) | |
| THEODORE LUCZAK, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the circuit court's dismissal of defendant's second-stage successive postconviction petition where his claims are procedurally barred because he raised them in earlier proceedings or could have raised them sooner.

¶ 2     Defendant Theodore Luczak appeals *pro se* from the circuit court's order dismissing his successive petition brought under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). On appeal, he argues the court erred in dismissing his petition without an evidentiary hearing and was biased against him. For the following reasons, we affirm.

¶ 3    Following a jury trial, defendant was convicted of two counts of aggravated criminal sexual assault and sentenced to consecutive sentences of 40 and 60 years. We set forth the facts in defendant's direct appeal (*People v. Luczak*, 306 Ill. App. 3d 319 (1999)), and we recite them here to the extent necessary to our disposition.

¶ 4    In 1989, defendant sexually assaulted three women. Based on those acts, in 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under case No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

¶ 5    After serving those sentences, defendant was charged under case No. 95 CR 14118, the case underlying the instant appeal, with aggravated criminal sexual assault, criminal sexual assault, aggravated kidnapping, and unlawful restraint. Defendant represented himself *pro se* at trial. The evidence at trial established that on April 22, 1995, defendant saw the victim, S.S., walking in Hammond, Indiana, and offered her a ride. She accepted, and defendant initially drove her to her house where he met her sister. Defendant eventually drove S.S. into Chicago, where he told her that he had been a high-ranking member of the Latin Kings street gang and used to engage in gang-raping women. Defendant told S.S. if she did not do as he instructed, he would "blow [her] head off" or force her to participate in a gang rape. Defendant forced S.S. to perform oral sex on him and then pulled into an alley on the southeast side of Chicago where he had anal intercourse with her. After S.S. begged him to stop, defendant told her that she was going to die and continued to assault her. S.S., believing she was going to die, started screaming and beating defendant.

¶ 6    Defendant eventually agreed to take S.S. home and told her that if she went to the police, he would tell them that she was a prostitute and had agreed to have sex with him for $500. S.S. got out of defendant's car two blocks from her house and subsequently went to the hospital in Hammond, where she was treated and met with Chicago police officers.

¶ 7    Defendant was arrested two days later and was identified in a lineup by S.S. and her sister. He spoke with Detective George Winistorfer and stated he picked S.S. up in Indiana and drove her into Chicago. He alleged S.S. told him she would do anything for $500. Defendant stated he eventually drove S.S. home, and denied participating in sexual acts with her. Once confronted with S.S.'s version of events, defendant changed his statement and said he had anal intercourse with S.S. for money. Following the intercourse, defendant told S.S. he did not have $500 so she became angry and attacked him. After being informed of the charges against him, defendant told an assistant state's attorney that he had a problem with women and sometimes could not control himself. He admitted that S.S. told the truth and that he forced her to engage in oral and anal sex with him. He refused to sign a written statement.

¶ 8    The State introduced other-crimes evidence of defendant's prior 1990 convictions, including the testimony of victim N.D.

¶ 9    Defendant testified that he picked S.S. up in his car in Indiana. S.S. wanted to purchase cocaine, so defendant took her to Chicago, where he obtained cocaine for her. She wanted to pay $500, and defendant told her it would cost $900, which caused her to "flip[] out" and threaten to report him to the police. He kicked S.S. out of the car and drove home. Two days later, police told him his car was involved in a criminal sexual assault. Defendant went to the police station but did not give a statement.

¶ 10    The jury found defendant guilty of two counts of aggravated criminal sexual assault. The trial court sentenced defendant to consecutive prison terms of 40 and 60 years. We affirmed on direct appeal over defendant's contention that the trial court erred in admitting other-crimes evidence of defendant sexually assaulting N.D. six years prior to the assault in the instant case. *Luczak*, 306 Ill. App. 3d 319.

¶ 11    In June 1999, defendant filed a *pro se* postconviction petition under the Act seeking DNA testing pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 1998)), which was denied. He did not appeal.[1] Following that denial, defendant filed numerous unsuccessful collateral challenges to his convictions. See *People v. Luczak*, No. 1-00-1645 (2001) (unpublished order pursuant to Illinois Supreme Court Rule 23) (affirming the summary dismissal of defendant's postconviction petition alleging various claims of ineffective assistance of counsel and due process violations and permitting appellate counsel to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *People v. Luczak*, No. 1-01-3197 (2003) (unpublished order pursuant to Illinois Supreme Court Rule 23) (affirming the denial of defendant's *pro se* motion to vacate a void judgment alleging his sentences were unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and permitting appellate counsel to withdraw pursuant to *Finley*, 481 U.S. 551); *Luczak v. Mote*, No. 1-03-0005 (2004) (unpublished order pursuant to Illinois Supreme Court Rule 23) (affirming the denial of defendant's *habeas corpus* petition alleging his indictment was faulty and permitting appellate counsel to withdraw pursuant to *Finley*, 481 U.S. 551); *People v. Luczak*, 374 Ill. App. 3d 172 (2007) (consolidated appeal affirming the denials of defendant's 2005 section 116-3 motion for DNA testing in the instant case,

_____

[1] This petition is not included in the record on appeal, but the information is set forth in *People v. Luczak*, 374 Ill. App. 3d 172, 174 (2007).

an accompanying *habeas corpus* petition, and motion for free copies of transcripts in his prior 1990 guilty plea cases as he intended to withdraw his pleas therein); *Luczak v. Hulick*, No. 08-3972 (7th Cir. 2008) (dismissing defendant's application for permission to file a second petition for a writ of *habeas corpus* in the instant case pursuant to 28 U.S.C. § 2244(b)(3) on the grounds that Illinois courts denied his right to a probable cause hearing, the trial court denied the jury's request to review forensic lab reports, and he was denied DNA testing).

¶ 12    Also relevant here, in April 2013, defendant filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2012)) collaterally attacking his 1990 guilty pleas in case Nos. 89 CR 6782, 6783, and 6784. He alleged that the 1990 judgments were void because the trial court lacked subject matter jurisdiction to enter them. Defendant based his contention on the belief that the 1989 victims' testimony at his 1997 trial in the instant case established the crimes took place in Indiana. The circuit court dismissed his section 2-1401 petition, finding it was not timely and no relief was available due to waiver because defendant stipulated at the plea hearing that the crimes took place in Cook County, Illinois. We affirmed the dismissal. *People v. Luczak*, 2015 IL App (1st) 132658-U.

¶ 13    On February 26, 2010, defendant filed a *pro se* "actual innocence successive petition for post-conviction relief" under the Act, alleging (1) he was illegally arrested without a warrant in violation of the Fourth and Fifth Amendments; (2) the police fabricated evidence and coerced his confession through use of physical torture, the State committed prosecutorial misconduct during opening statements, and the trial court erred by admitting his confession in violation of the First and Fifth Amendments; (3) he was denied a probable cause hearing and his indictment was based on a "non-existing statute" in violation of the First, Fifth, Sixth, and Fourteenth Amendments; and

(4) he was denied due process and DNA testing when the circuit court denied his 2005 motion for DNA testing, which was affirmed on appeal in *Luczak*, 374 Ill. App. 3d 172, in violation of the First, Fifth, Sixth, and Fourteenth Amendments.

¶ 14    Defendant attached an unnotarized affidavit in support of his petition, stating he was actually innocent; never advised of his *Miranda* rights; and coerced by police, who choked him at the police station, to sign a confession.

¶ 15    The court appointed the office of the Public Defender to represent defendant.[2] On February 5, 2016, postconviction counsel filed a supplemental postconviction petition to "augment[ ] and support[ ]" defendant's *pro se* successive petition. Counsel alleged the offenses underlying defendant's 1990 pleas occurred in Indiana and, consequently, those convictions were entered without jurisdiction because they "should not have been tried in Illinois." Postconviction counsel argued defendant therefore was entitled to a new trial in the case at bar because the 1990 convictions could not properly be used as other-crimes evidence and without the prior convictions, the evidence was insufficient. She also argued the evidence was insufficient to sustain defendant's convictions.

¶ 16    Counsel additionally asserted defendant should not be procedurally defaulted from post-trial relief as he clearly argued ineffective assistance of appellate counsel and repeatedly contended he was deprived of due process. Counsel noted that, on direct appeal in 1999, defendant had filed

---

[2] The record on appeal does not reflect when or why the circuit court appointed counsel to represent defendant. It only reflects that, on June 25, 2010, following multiple continuances, an assistant public defender appeared for defendant. Necessarily, by appointing counsel, the court docketed the successive postconviction petition for second stage postconviction proceedings. *People v. Bailey*, 2017 IL 121450, ¶¶ 18-20, 26.

a motion to suspend appellate briefing "because his appellate counsel on direct appeal had not reviewed the entire record," which this court ultimately denied. See *People v. Luczak*, No. 1-97-2763 (Feb. 24, 1999) (dispositional order). Counsel further asserted "injustices against [defendant] were compounded over the years, as his actions to obtain relief were not given serious and proper review by the courts and [defendant] was badly prejudiced in the form of the loss of his liberty." Counsel contended defendant's claims met the "cause and prejudice standard" as defendant was impeded in bringing claims earlier when his initial *pro se* petition was summarily dismissed without appointment of counsel who could have researched, developed, and amended possible claims and raised constitutional claims in the initial filing, and thus his postconviction claims were never fully litigated.

¶ 17    On June 2, 2016, the State filed a motion to dismiss defendant's petition, arguing his claims were procedurally barred. It also argued defendant's ineffective assistance of appellate counsel claim did not meet the requirements of *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In response, defendant, through counsel, argued the plain error doctrine applied to his claims and fundamental fairness required that any procedural bars to his claims be relaxed in his case. He reiterated his belief that his 1990 convictions were entered without jurisdiction and that jurisdictional issues may be raised at any time. Defendant further claimed the evidence at trial was insufficient to convict him, his right to confront witnesses against him was violated, the trial court erred in admitting other-crimes evidence and not allowing the jury to view police reports and other evidence when requested during deliberations, his sentence was excessive, and appellate counsel was ineffective for failing to raise these issues.

¶ 18    The court conducted hearings on the State's motion to dismiss. While arguing, postconviction counsel stated, "On the coercion issue, I will simply ask that the Court take judicial notice of the 161-page investigation of the Chicago Police Department by the Justice Department and that was released January 13 of 2017." Postconviction counsel subsequently informed the court that defendant had a pending "torture inquiry review." Counsel stated, "I just wanted to make the court aware, different courts handle it differently, some hold the case in abeyance, sometimes they contact the State, I don't believe they contacted you."

¶ 19    The court declined to hold defendant's case in abeyance and granted the State's motion to dismiss defendant's successive petition. The court found defendant was the "poster child" for the rationale of permitting only one postconviction petition, noting he "continually just files frivolous motion, after motion." It concluded defendant's claims were procedurally barred because defendant failed to raise any issue that could not have been raised on direct appeal or in a prior proceeding, and the doctrines of *res judicata* and collateral estoppel applied. The court added that "[defendant] comes willfully inadequate in meeting his burden under *Strickland* for ineffective assistance."

¶ 20    On appeal, defendant argues the circuit court erred in dismissing his *pro se* and supplemental successive postconviction petitions and reasserts the claims therein. Specifically, he argues (1) he was illegally arrested without a warrant; (2) the police fabricated evidence and coerced his confession through use of physical torture, the State committed prosecutorial misconduct during opening statements, and the trial court erred by admitting his confession; (3) he was denied a probable cause hearing and his indictment was based on a "non-existing statute"; (4) he was denied due process and DNA testing when the circuit court denied his 2005 motion for

DNA testing; (5) his 1990 guilty pleas were entered without jurisdiction because the offenses were committed in Indiana; and (6) appellate counsel on direct appeal was ineffective for failing to raise the aforementioned issues. He also claims the court was biased against him, and its dismissal of his petition was "personal."

¶ 21    In response, the State argues defendant's claims are procedurally barred because they were either raised in earlier proceedings or could have been raised earlier. We agree with the State.

¶ 22    The Act permits criminal defendants to challenge their convictions on grounds of substantial violations of their constitutional rights at trial. *People v. Robinson*, 2020 IL 123849, ¶ 42. The Act is not a substitute for an appeal but offers a mechanism for criminal defendants to collaterally attack a final judgment. *Id.* Consequently, where a defendant "has previously challenged a judgment of conviction on appeal, the judgment of the reviewing court will serve to bar postconviction review of all issues actually decided by the reviewing court as well as any other claims that could have been presented to the reviewing court." *Id.*

¶ 23    The Act contemplates the filing of only one postconviction proceeding. *Id.* It provides that, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2010). However, the bar against successive proceedings will be relaxed where the defendant can establish cause and prejudice for failing to assert the claim in an earlier proceeding, or the defendant asserts a fundamental miscarriage of justice based on actual innocence. *Robinson*, 2020 IL 123849, ¶ 42.

¶ 24    Prior to commencing a successive postconviction petition, a petitioner must obtain leave of court to file a successive petition. *Id.* ¶ 43. If leave to file is granted, the successive petition is docketed for second-stage proceedings, at which point the circuit court may appoint counsel to

assist the petitioner and make any amendments to the petition deemed necessary. *People v. Cotto*, 2016 IL 119006, ¶ 27. At the second stage, the petitioner must make a substantial showing of a constitutional violation or actual innocence to warrant advancement to a third stage evidentiary hearing. *People v. Tate*, 2012 IL 112214, ¶ 10; *People v. Sanders*, 2016 IL 118123, ¶¶ 25-28, 37.

¶ 25    The substantial showing required to avoid dismissal at the second stage is greater than the standard that must be satisfied to obtain leave to file a successive petition. See *Smith*, 2014 IL 115946, ¶ 29 (recognizing that the three-stage process for postconviction proceedings should not be rendered superfluous); see also *People v. Morrow*, 2019 IL App (1st) 161208, ¶ 51; *People v. Lee*, 2016 IL App (1st) 152425, ¶ 47. At second stage proceedings, the State may move to dismiss the successive postconviction petition on any grounds, including the petitioner's failure to show cause and prejudice for not raising the claims in the initial postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 18. The dismissal of a postconviction petition without an evidentiary hearing is reviewed *de novo*. *Sanders*, 2016 IL 118123, ¶ 31.

¶ 26    Initially, we note that defendant in this case did not explicitly request leave to file a successive postconviction petition and simply filed his "actual innocence successive petition for post-conviction relief." However, the circuit court may rule on a successive postconviction petition even where leave to file is not requested. *Sanders*, 2016 IL 118123, ¶ 25. Here, the trial court appointed postconviction counsel, demonstrating the petition was advanced to second-stage proceedings, where counsel filed a supplemental petition and the State moved to dismiss the petitions. See *Bailey*, 2017 IL 121450, ¶¶ 18-20 (once a petition is advanced to second-stage proceedings, the circuit court may appoint counsel to represent a defendant).

¶ 27    We find the claims in defendant's *pro se* and supplemental successive postconviction petitions are procedurally barred.

¶ 28    Defendant's claim that he was deprived of due process when the circuit court denied his 2005 motion for DNA testing is barred by *res judicata*, as it was raised and decided in earlier proceedings. See *Luczak*, 374 Ill. App. 3d 172 (affirming, in relevant part, the denial of defendant's 2005 section 116-3 motion for DNA testing on the basis that the trial court had denied the same request in 1999). "The doctrine of *res judicata* bars consideration of issues that have been previously raised and adjudicated." *People v. Blair,* 215 Ill. 2d 427, 443 (2005).

¶ 29    Similarly, defendant's claim that his 1990 guilty pleas were entered without jurisdiction because the offenses occurred in Indiana is barred by collateral estoppel. Collateral estoppel bars the relitigation of a particular issue that was already decided in a prior case. *People v. Tenner,* 206 Ill. 2d 381, 396 (2002). Collateral estoppel applies when: (1) the court rendered a final judgment in the prior case; (2) the parties are the same or in privity; and (3) the issue decided in the prior case is identical to the issue presented in the instant case. *Id.*

¶ 30    Defendant raised the same jurisdictional claim in his 2013 section 2-1401 petition in the separate proceeding challenging his 1990 guilty pleas in case Nos. 89 CR 6782, 6783, and 6784. *See Luczak*, 2015 IL App (1st) 132658-U. The circuit court dismissed the petition and this court affirmed on appeal. *Id.* ¶ 31 (finding no merit to defendant's claim that the 1990 judgments against him were void for lack of subject matter jurisdiction as the record showed defendant stipulated at trial that the three offenses occurred in Cook County, Illinois). Thus, as defendant's challenge to the court's jurisdiction over the 1990 guilty pleas is identical to that rejected by the court in his earlier 2-1401 petition, the claim is barred by collateral estoppel.

¶ 31    Defendant's claims that he was illegally arrested without a warrant, the police fabricated evidence and coerced his confession through use of physical torture, the State committed prosecutorial misconduct during opening statements, the trial court erred by admitting his confession, he was denied a probable cause hearing, and his indictment was based on a "non-existing statute" are forfeited. All of these claims either appear on the face of the trial record and/or were within defendant's personal knowledge at the time of his trial, and therefore could have been raised on direct appeal. A postconviction proceeding is a collateral proceeding rather than an appeal of the underlying judgment and allows review of constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Towns*, 182 Ill. 2d 491, 502 (1998). Claims that could have been raised on direct appeal are barred. *Robinson*, 2020 IL 123849, ¶ 42. Accordingly, as these claims could have been raised on direct appeal, they are forfeited. See *People v. Edwards*, 2012 IL 111711, ¶ 21.

¶ 32    To circumvent the forfeiture resulting from his failure to present the claims in his successive petitions on direct appeal, defendant argues his appellate counsel was ineffective for failing to do so. See, *e.g.*, *People v. English*, 2013 IL 112890, ¶ 22 (in proceedings under the Act, the doctrines of *res judicata* and forfeiture are relaxed "where the forfeiture stems from the ineffective assistance of appellate counsel"). This claim itself is arguably forfeited. Although defendant raised a general claim of ineffective assistance of appellate counsel in the *pro se* and supplemental successive petitions at bar, he did not argue as he does on appeal that appellate counsel should have raised the claims in those petitions on direct appeal. See *People v. Pendleton*, 223 Ill. 2d 458, 475 (2006) (a claim not raised in a postconviction petition cannot be raised for the first time on appeal).

¶ 33    Even if we read the *pro se* and supplemental successive postconviction petitions liberally to include a claim that appellate counsel on direct appeal should have raised the arguments set forth in those petitions, we find that claim procedurally barred because defendant could have raised the claim in his initial postconviction petition or in his second postconviction petition. See *Blair,* 215 Ill. 2d at 443.

¶ 34    In fact, in defendant's 2000 postconviction petition, he did argue ineffective assistance of appellate counsel for counsel's failure to raise assorted claims on direct appeal. See *Luczak*, No. 1-00-1645 (2001) (unpublished order pursuant to Illinois Supreme Court Rule 23) (affirming the summary dismissal of defendant's postconviction petition alleging various claims of ineffective assistance of counsel and due process violations). As the instant claims were within the trial record and/or defendant's knowledge at the time he filed his 2000 postconviction petition, defendant could have included ineffective assistance of direct appellate counsel for failure to raise the instant claims in the earlier postconviction petition.[3] Accordingly, his ineffective assistance of appellate counsel claim is barred. See *English*, 2013 IL 112890, ¶ 22.

_____

[3] Defendant's 2000 postconviction petition is not included in the record on appeal. However, in his *pro se* successive petition, defendant states that, in his 2000 postconviction petition he raised eight issues: "(1) that his appellate counsel was ineffective because she failed to review the entire record and raise all m[e]ritorious claims on direct appeal that appeared in the record; (2) that his fifth and fourteenth Amendments were violated because the trial court erred in admitting evidence of a prior conviction for aggravated criminal sexual assault; (3) that his Fourth and fourteenth Amendments were violated by the trial court's denial of his motion to quash arrest; (4) his fifth and fourteenth Amendments were violated by the trial court's denial of his motion to suppress his alleged oral confession; (5) his sixth and fourteenth Amendments were violated by the trial judge in denied admitting [*sic*] a supplemental police report as substantive evidence; (6) that his sixth and fourteenth Amendments were violated when the trial judge abused his discretion in that the judge had a conversation with a juror member outside the presence of [defendant]; (7) that his sixth and fourteenth Amendments were violated because the trial judge denied [defendant's] request for adequate access to the law library and legal materials, and (8) that his sixth and fourteenth Amendments were violated because the trial judge abused his discretion in denying [defendant's] petition for a new trial when the State failed to prove [defendant's] guilt beyond a reasonable doubt." In his opening brief on appeal, he similarly states that, in his 2000 postconviction

¶ 35 The bar against successive postconviction proceedings is relaxed if the petitioner can establish cause and prejudice for failing to raise a claim earlier. *Robinson*, 2020 IL 123849, ¶ 42. To establish cause, the defendant must show "some objective factor external to the defense" that impeded his ability to raise the claim in his initial postconviction proceeding." *People v. Coleman*, 2013 IL 113307, ¶ 82. Although used for preliminary screening of a motion for leave to file a successive postconviction petition, the question of whether a successive postconviction petition adequately alleges facts demonstrating cause and prejudice remains applicable during second stage proceedings. *Bailey*, 2017 IL 121450, ¶¶ 24, 26. Thus, lack of cause or prejudice supports the second stage dismissal of a successive postconviction petition. *Id.* ¶ 26.

¶ 36 Defendant's *pro se* and supplemental successive postconviction petitions do not make a cause and prejudice showing excusing his failure to raise his claims in his earlier postconviction petitions. His sole contention regarding cause for not raising the claims earlier is that, because the initial petition was summarily dismissed, he did not have the benefit of counsel in raising the instant claims in an amended initial petition. Neither the *pro se* nor supplemental successive postconviction petition identifies an "objective factor external to the defense" that prevented defendant from raising the claims in those petitions in his initial postconviction proceedings. Because he failed to demonstrate cause for not raising the claims in his original or first successive postconviction petitions, those claims are barred. See *Bailey*, 2017 IL 121450, ¶ 26.

¶ 37 The bar against successive petitions is also relaxed if the petitioner asserts a fundamental miscarriage of justice based on actual innocence. *Robinson*, 2020 IL 123849, ¶ 42. However, to

petition, he set forth eight issues appellate counsel failed to raise on direct appeal, including counsel's failure to raise those issues.

the extent defendant claims he is actually innocent, that claim must fail. To succeed on a claim of actual innocence, a petitioner must present evidence that is (1) newly discovered, (2) material and noncumulative, and (3) of such a conclusive character that it would probably change the result on retrial. *People v. Coleman*, 2013 IL 113307, ¶ 96. At the second stage of proceedings here, the petitioner must make a substantial showing of actual innocence. *Tate*, 2012 IL 112214, ¶ 10.

¶ 38    Defendant's *pro se* and supplemental successive petitions make no showing at all. His *pro se* successive petition is titled "actual innocence successive petition for post-conviction relief" and, in his petition and accompanying affidavit, he proclaims he is actually innocent. However, these are the only mentions of "actual innocence," and defendant does not set forth any new evidence which would support a claim of actual innocence. Instead, defendant challenges the evidence presented at trial as insufficient. As defendant's petitions set forth no newly discovered evidence supporting a claim of actual innocence, this claim was properly dismissed. See *Edwards*, 2012 IL 111711, ¶ 32 (setting forth the elements of actual innocence claims and emphasizing they must be supported with new reliable evidence).

¶ 39    Finally, defendant asserts the circuit court was biased against him as demonstrated by its statement that defendant was the "poster child" for permitting only a single postconviction petition and its conclusion that defendant's claims were barred. Defendant further contends that the court's bias was demonstrated by its refusal to take judicial notice of the 161-page Justice Department investigation of the Chicago Police Department and postconviction counsel's request to hold his petition in abeyance pending the resolution of his torture claim. He requests an evidentiary hearing "for these reasons alone." We point out that defendant has cited to no relevant caselaw to support his position that he is entitled to an evidentiary hearing based on the circuit court's alleged bias.

See Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) (providing that an appellant's arguments must be accompanied by "citation of the authorities and the pages of the record relied on." However, even if we consider the issue, we find it without merit.

¶ 40    Allegations of judicial bias must be viewed in context and should be evaluated in terms of the judge's specific reaction to the events taking place. See *People v. Jackson,* 205 Ill. 2d 247, 277 (2001). A judge is presumed to be impartial even after extreme provocation. *People v. Hall*, 114 Ill. 2d 376, 407 (1986). The party asserting judicial bias must overcome this presumption. *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). To do so, he must present evidence of the judge's personal bias and evidence that the judge engaged in prejudicial conduct during the proceedings. *Id.* "It is assumed that judges, regardless of their personal backgrounds and experiences in life, will be able to set aside any biases or predispositions they might have and consider each case in light of the evidence presented." *People v. Tye,* 141 Ill. 2d 1, 25 (1990). "[O]nly under the most extreme cases would disqualification for bias or prejudice be constitutionally required." *People v. Coleman,* 168 Ill. 2d 509, 541 (1995).

¶ 41    Here, nothing defendant points to demonstrates that the circuit court was biased against him or that he suffered prejudice as a result of the alleged bias. First, the record does not show the court refused to take judicial notice of the 161-page report postconviction counsel referenced. Second, postconviction counsel did not request the court hold defendant's case in abeyance; rather, she specifically stated she was merely informing the court of defendant's torture inquiry review claim and stated that "some [courts] hold the case in abeyance," which the circuit court declined to do in this case.

¶ 42 Lastly, the court's statement that defendant was the "poster child" for the Act's allowance of a single postconviction petition was in reference to the numerous frivolous filings defendant has propounded since his 1997 conviction and does not reflect any bias against defendant. Contrary to defendant's assertions, the record simply does not support his contentions that the court was biased against him in dismissing his petition. Therefore, he has failed to overcome the presumption that the court is impartial.

¶ 43 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 44 Affirmed.