# Illinois Official Reports

## Appellate Court

---

### *People v. Heard*, **2014 IL App (4th) 120833**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN T. HEARD, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0833 |
| Filed | March 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's postconviction petition at the second stage of the proceedings was upheld over defendant's contention that the cause should be remanded to allow defendant's appointed counsel to comply with Supreme Court Rule 651 prior to withdrawing, since the record showed defendant filed a *pro se* postconviction petition alleging ineffective assistance of his trial counsel, the trial court appointed counsel to represent defendant in the postconviction proceedings, defendant then filed a motion to recuse his appointed counsel based on complaints against her, the trial court allowed appointed postconviction counsel to withdraw at defendant's request and then granted the State's motion to dismiss the petition, and under the circumstances, appointed postconviction counsel's performance was not challenged and her withdrawal at defendant's request left her with no duty to comply with Rule 651. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 02-CF-665; the Hon. Leo J. Zappa, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Daaron V. Kimmel, all of State Appellate Defender's Office, of Springfield, for appellant.

John Milhiser, State's Attorney, of Springfield (Patrick Delfino, David J. Robinson, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Pope and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    The circuit court dismissed defendant's petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2010)) at the second stage of the proceedings. Defendant appeals, arguing the case must be remanded for the purpose of compelling appointed counsel to comply with the mandates of Illinois Supreme Court Rule 651 (eff. Dec. 1, 1984) prior to her withdrawal as counsel. However, we find, because counsel withdrew at defendant's request and not due to counsel's inability to form a cognizable argument under the Act, we find remand is not necessary.

¶ 2                              I. BACKGROUND

¶ 3    In January 2005, defendant pleaded guilty to criminal sexual assault as part of a fully negotiated plea agreement. The trial court sentenced him to 10 years in prison in accordance with the terms of the plea. Defendant did not file a direct appeal.

¶ 4    In March 2012, defendant filed a *pro se* postconviction petition, claiming his trial attorney rendered ineffective assistance of counsel by lying and misrepresenting certain facts to the trial court. The circuit court appointed Sara Mayo to represent defendant in the postconviction proceedings.

¶ 5    In April 2012, defendant filed a *pro se* "motion to recuse court appointed counsel," claiming he "has complaints against [Mayo] that are both civil and criminal in nature that are an ongoing investigation. And as a result would cause prejudice and a conflict of interest." Thereafter, the State filed a motion to dismiss defendant's postconviction petition.

¶ 6    In June 2012, the circuit court conducted a hearing on defendant's "motion to recuse court-appointed counsel." Attorney Mayo orally moved to withdraw. The court asked Mayo if it was "at [defendant's] request" and Mayo applied in the affirmative. The prosecutor noted

defendant had requested to proceed *pro se* and, therefore, he had no objection to Mayo's motion. The court allowed Mayo to withdraw.

¶ 7    Defendant proceeded *pro se*, and in August 2012, the trial court granted the State's motion to dismiss. This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    The record in this case shows attorney Mayo did not file a Rule 651(c) certificate or otherwise comply with the requirements of the rule. As a result, defendant claims counsel's noncompliance requires a reversal and a remand pursuant to Illinois law as set forth in cases such as *People v. Suarez*, 224 Ill. 2d 37, 51 (2007) (where postconviction counsel does not adequately comply with Rule 651, the case must be remanded for compliance). The State claims counsel is not required to comply with Rule 651 when it is defendant who requested counsel withdraw from representation. We agree with the State.

¶ 10   Initially, we note a defendant has a right to proceed *pro se* in postconviction proceedings. 725 ILCS 5/122-4 (West 2010). That is, the Act "does not contemplate compelling a defendant who does not want counsel to accept counsel nonetheless." *People v. Gray*, 2013 IL App (1st) 101064, ¶ 22. As long as the defendant knowingly and intelligently relinquishes his right to counsel, and his waiver is clear and unequivocal, not ambiguous, the circuit court may allow him to proceed *pro se*. *People v. Baez*, 241 Ill. 2d 44, 115-16 (2011). Here, counsel was initially appointed but, before the State filed its motion to dismiss, defendant requested the court "recuse counsel." In this appeal, defendant does not dispute the voluntariness of his waiver of counsel. He claims only counsel should have been required to comply with the mandates of Rule 651 before she was allowed to withdraw.

¶ 11   The purpose of Rule 651(c) is to "ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 44 (2007). The provisions of the rule require the record on appeal disclose that counsel took certain steps to assure an adequate presentation of defendant's claims. Thus, it is clear the requirements of this rule attach only after the trial court appoints counsel. *People v. Porter*, 122 Ill. 2d 64, 72 (1988). The question presented here, though, is whether the requirements survive counsel's withdrawal from representation. Defendant cites *Greer* for the proposition that the requirements indeed survive counsel's withdrawal. *People v. Greer*, 212 Ill. 2d 192 (2004).

¶ 12   In *Greer*, postconviction counsel was appointed solely because the trial court failed to dismiss the petition within the required time for summary dismissals. *Greer*, 212 Ill. 2d at 194-95. Instead of filing a Rule 651(c) certificate, counsel moved to withdraw on the basis that the petition lacked merit. *Greer*, 212 Ill. 2d at 195. The issue before the supreme court was whether postconviction counsel, once appointed, could withdraw instead of complying with the duties set out in Rule 651(c). *Greer*, 212 Ill. 2d at 195-96. The supreme court held withdrawal was permitted but only after counsel complied with Rule 651(c). *Greer*, 212 Ill. 2d at 212.

¶ 13   Defendant claims, according to *Greer*, attorney Mayo was required to comply with the requirements of Rule 651 before she could withdraw from representation. However, we conclude defendant's reliance on *Greer* is misplaced. *Greer* does not address the issue presented here, *i.e.*, whether postconviction counsel is required to demonstrate compliance

- 3 -

with Rule 651 prior to withdrawing as counsel *when the withdrawal is based on defendant's desire to proceed pro se and is not based on an evaluation of the merits of the petition. Greer* stands for the proposition that the circuit court must be satisfied that postconviction counsel met with defendant to ascertain his potential claims before the court allows counsel to be relieved of his or her duties when counsel is of the opinion that none of the defendant's claims are sustainable. That stated principle does not address the situation here.

¶ 14 Mayo, who withdrew upon defendant's request, should not be required to comply with the requirements of the rule when she was not withdrawing based on the circumstances set forth in *Greer*. Upon withdrawal at defendant's request, counsel had no duty to ascertain whether defendant had presented all of his claims in his petition. If Mayo was seeking to withdraw because she was unable to present any meritorious issues in the postconviction proceedings, we would seek direction from *Greer*. However, when it is defendant who requests counsel withdraw, the court need not be satisfied that counsel made every effort to ascertain the defendant's claims and present them to the court. That is, counsel's performance is not at issue. Her failure to file a Rule 651(c) certificate before she was allowed to withdraw under the circumstances presented here is not cause for remand.

¶ 15                                   III. CONCLUSION
¶ 16 For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 17 Affirmed.