NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190228-U

NO. 4-19-0228

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 17, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| KEVIN T. HEARD, | ) | No. 02CF665 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err in dismissing defendant's second petition for relief from
judgment (735 ILCS 5/2-1401 (West 2016)).

¶ 2          In January 2005, defendant, Kevin T. Heard, pleaded guilty to criminal sexual

assault (720 ILCS 5/12-13 (West 2000)). After his conviction, defendant pursued multiple forms

of relief, including relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure

(735 ILCS 5/2-1401 (West 2016)), all of which the trial court dismissed. In 2019, defendant filed

a second section 2-1401 petition for relief from judgment, which the court dismissed. Defendant

appeals, arguing the court erred in dismissing his second section 2-1401 petition. We affirm.

¶ 3                                I. BACKGROUND

¶ 4          On August 1, 2002, the State charged defendant with home invasion (720 ILCS

5/12-11(a)(6) (West Supp. 2001)) and aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West 2000)), which the State later amended to criminal sexual assault (720 ILCS 5/12-13 (West 2000)).

¶ 5        At a status hearing on April 28, 2003, defense counsel requested, and was granted, a continuance to "pursu[e] a DNA expert" to review certain of the State's evidence. At the next several status hearings, defense counsel obtained additional continuances, each time reporting a delay was required to allow defendant's retained expert to complete her review of the State's evidence. In November 2004, defense counsel finally reported defendant was ready to proceed to trial.

¶ 6        At a hearing on January 7, 2005, defendant entered a negotiated plea of guilty. In exchange for defendant's guilty plea to criminal sexual assault, the home invasion charge, as well as charges in another case, would be dismissed, and defendant would receive a 10-year prison sentence. The trial court accepted defendant's plea and sentenced him in accordance with the parties' agreement.

¶ 7        On March 15, 2012, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). In his petition, defendant claimed defense counsel provided ineffective assistance by "l[ying] to the [trial court] concerning independent DNA analysis that he 'never' ordered to be completed." The trial court advanced defendant's petition to the second stage of postconviction proceedings, and the State filed a motion to dismiss. The court later granted the State's motion, finding defendant's allegations did not support a claim of ineffective assistance of counsel. On appeal, this court affirmed, rejecting defendant's sole contention that appointed counsel was required to comply with the provisions of Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) prior to her withdrawal as

defendant's attorney. *People v. Heard*, 2014 IL App (4th) 120833, 8 N.E.3d 447.

¶ 8        In September 2014, defendant filed a motion for leave to file a successive postconviction petition. In his proposed petition, defendant again alleged defense counsel provided ineffective assistance by "l[ying] to the [trial court] concerning independent DNA analysis that he 'never' ordered to be completed." Subsequently, the trial court denied defendant's motion for leave, finding defendant lacked standing to file a postconviction petition because he was no longer imprisoned. We affirmed the court's denial of the motion. *People v. Heard*, No. 4-14-0899 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9        On April 4, 2018, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). In his petition, defendant alleged "newly discovered evidence," which had been "fraudulently concealed" from him, supported the claim of ineffective assistance of counsel he previously raised in his postconviction petitions. Specifically, defendant alleged that in September 2016, he issued a Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2016)) request to the office of the Sangamon County Public Defender requesting "[a] copy of any document in [his defense counsel's] file of the independent DNA lab that [defense counsel] used to conduct tests of the DNA evidence in [defendant's case]." According to the petition, in response to his request, defendant received a letter from the public defender's office indicating their records of defendant's case did not include any "notes or documentation in reference to an independent DNA laboratory retained as a defense consultant." The State later filed a motion to dismiss defendant's petition, which the trial court granted.

¶ 10       On February 14, 2019, defendant filed a second section 2-1401 petition for relief from judgment, which was identical to his initial section 2-1401 petition. A month later, the trial

court dismissed defendant's petition, finding it was improper because "it [was] not filed within the two year time limit after the entry of judgment" and "the doctrine of estoppel applie[d]."

¶ 11		This appeal followed.

¶ 12							II. ANALYSIS

¶ 13		On appeal, defendant argues the trial court erred in dismissing his second section 2-1401 petition for relief from judgment as untimely. We review the trial court's dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

¶ 14		Section 2-1401 of the Code of Civil Procedure "provides a statutory procedure permitting vacatur of final judgments and orders after 30 days from their entry." *People v. Coleman*, 206 Ill. 2d 261, 288, 794 N.E.2d 275, 292 (2002) (citing 735 ILCS 5/2-1401(a) (West 1998)). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. The statute does not provide a defendant an indefinite opportunity to challenge the trial court's judgment however. "A section 2-1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed." *People v. Pinkonsly*, 207 Ill. 2d 555, 562, 802 N.E.2d 236, 241 (2003) (citing 735 ILCS 5/2-1401(c) (West 2002)).

¶ 15		In the present case, defendant does not dispute that he failed to file his second section 2-1401 petition within two years of the trial court's 2005 judgment. Instead, he argues the two-year limitation should be tolled because defense counsel "fraudulently concealed" his own failure to obtain an independent review of the State's DNA evidence and defendant did not learn

of defense counsel's failure until 2016 when he issued a FOIA request to the office of the Sangamon County Public Defender. We find this argument is without merit.

¶ 16       "[F]raudulent concealment sufficient to toll the two-year limitation period of [section 2-1401(c)] requires affirmative acts or representations designed to prevent discovery of the cause of action or ground for relief." (Internal quotation marks omitted.) *Coleman*, 206 Ill. 2d at 290-91. In *Coleman*, our supreme court stated as follows:

> "To make a successful showing of fraudulent concealment, the defendant must allege facts demonstrating that his opponent affirmatively attempted to prevent the discovery of the purported grounds for relief and must offer factual allegations demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period." (Internal quotation marks omitted.) *Id.* at 290.

¶ 17       Here, defendant has failed to make a successful showing of fraudulent concealment. Defendant does not identify any affirmative act or representation by *his opponent* which would toll the two-year limitation period. The only actions defendant argues constituted fraudulent concealment are those of defense counsel, whose actions cannot constitute fraudulent concealment for purposes of tolling the section 2-1401 time limitation period. See *People v. Baskin*, 213 Ill. App. 3d 477, 485, 572 N.E.2d 1067, 1072 (1991) ("Fraudulent concealment under section 2-1401(c) which will toll the two year limitation period contemplates affirmative actions by one's opponent or by the court, not one's own attorney."). Moreover, as pointed out by the State, the record demonstrates defendant knew of defense counsel's alleged failure to secure DNA testing as early as 2012, when he filed his first postconviction petition. Clearly, defendant was aware of the DNA testing issue almost seven years prior to filing his second section 2-1401 petition, refuting

his claim of fraudulent concealment. Accordingly, defendant has failed to establish the two-year limitation period should be tolled due to fraudulent concealment and the trial court's order dismissing defendant's second section 2-1401 petition as untimely was not error.

¶ 18    Even assuming, *arguendo*, that defendant's section 2-1401 petition was not untimely, we would still affirm the trial court's dismissal because defendant raised the same allegations of ineffective assistance of counsel in prior proceedings. "Consistent with the strong judicial policy favoring finality of judgments, our courts have held that a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated." (Internal quotation marks omitted.) *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110, 920 N.E.2d 547, 555-56 (2009); see also *People v. Haynes*, 192 Ill. 2d 437, 461, 737 N.E.2d 169, 182 (2000) ("Points previously raised at trial and other collateral proceedings cannot form the basis of a section 2-1401 petition for relief."). The ineffective assistance of counsel claim raised by defendant in his second section 2-1401 petition is identical to the claim he raised in both of his unsuccessful postconviction petitions and his unsuccessful, initial section 2-1401 petition. Critically, the trial court considered defendant's ineffective assistance of counsel claim in defendant's initial postconviction petition and rejected it on its merits. Therefore, because defendant was not permitted to relitigate the issue, the court's dismissal of his second section 2-1401 petition was proper.

¶ 19                     III. CONCLUSION

¶ 20    For the reasons stated, we affirm the trial court's judgment.

¶ 21    Affirmed.