NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220790-U

NO. 4-22-0790

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 24, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| KEVIN T. HEARD, | ) | No. 02CF665 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the testing requested by defendant failed to satisfy the requirements set forth in section 116-3(a) of the Code of Criminal Procedure (725 ILCS 5/116-3(a) (West 2020)).

¶ 2    Defendant, Kevin T. Heard, who is currently in the custody of the Illinois Department of Human Services, appeals from the trial court's judgment dismissing his motion for testing under section 116-3 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/116-3 (West 2020)). On appeal, defendant, proceeding *pro se*, argues we should reverse the court's judgment and remand for further proceedings. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In August 2002, the State charged defendant in Sangamon County case No.

02-CF-665 with home invasion (720 ILCS 5/12-11(a)(6) (West Supp. 2001)) and aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West 2000)), which the State later amended to criminal sexual assault (*id.* § 5/12-13). Around the same time, the State also charged defendant in Sangamon County case No. 02-CF-664 with aggravated criminal sexual assault involving a different victim.

¶ 5        In January 2005, defendant entered a negotiated plea of guilty. In exchange for defendant's guilty plea to criminal sexual assault in case No. 02-CF-665, the home invasion charge in case No. 02-CF-665, as well as the aggravated criminal sexual assault charge in case No. 02-CF-664, would be dismissed, and defendant would receive a 10-year prison sentence. The trial court accepted defendant's plea and sentenced him in accordance with the parties' agreement.

¶ 6        Between 2012 and 2021, defendant pursued collateral attacks against his conviction and sentence, all of which were unsuccessful. See, *e.g.*, *People v. Heard*, 2014 IL App (4th) 120833, 8 N.E.3d 447 (affirming the dismissal of defendant's initial postconviction petition); *People v. Heard*, No. 4-14-0899 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (affirming the denial of defendant's motion for leave to file a successive postconviction petition); and *People v. Heard*, 2021 IL App (4th) 190228-U (affirming the dismissal of defendant's second petition for relief from judgment).

¶ 7        In January 2022, defendant filed a *pro se* motion for testing under section 116-3 of the Procedure Code (725 ILCS 5/116-3 (West 2020)). Defendant requested " 'independent' fingerprint and [deoxyribonucleic acid (DNA)] testing *** on evidence that was secured in relation to the trial [*sic*] which resulted in his conviction." In support of that request, defendant asserted, in

part, the requested " 'independent' fingerprint and DNA analysis was not available at the time of trial," because (1) the State " 'never' handed over to the defense the material fingerprint and DNA evidence to be tested 'independently,' " and (2) trial counsel lied about requesting " 'independent' DNA analysis."

¶ 8        In June 2022, the State filed a motion to dismiss defendant's motion for testing. Amongst other reasons, the State asserted dismissal was warranted because section 116-3 of the Procedure Code (*id.*) did not provide for retesting of evidence using the same method at a different laboratory.

¶ 9        In August 2022, the trial court conducted a hearing on defendant's motion for testing. Both parties stood on their respective written arguments. For the reasons asserted in the State's motion to dismiss, the court dismissed defendant's motion for testing with prejudice.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12        On appeal, defendant argues we should reverse the trial court's judgment and remand for further proceedings. The State disagrees. Our review is *de novo*. *People v. Luczak*, 374 Ill. App. 3d 172, 176, 869 N.E.2d 1185, 1189 (2007).

¶ 13        Section 116-3(a) of the Procedure Code (725 ILCS 5/116-3(a) (West 2020)) allows a defendant to move for postconviction fingerprint and DNA testing "on evidence that was secured in relation to the trial or guilty plea." The evidence to be tested, however, must not have been "subject to the testing which is now requested at the time of trial [or the guilty plea]" but "although previously subjected to testing, can be subjected to additional testing utilizing a method that was

not scientifically available at the time of trial [or the guilty plea] that provides a reasonable likelihood of more probative results." *Id*. § 116-3(a)(1), (2); *People v. LaPointe*, 2018 IL App (2d) 160432, ¶ 33, 129 N.E.3d 24 (construing section 116-3 so as to fit the guilty-plea context). "Under the plain language of the statute, defendants seeking additional testing of evidence which has already been subjected to testing have a greater burden to establish their case than those defendants whose evidence has not been tested." *People v. Stoecker*, 2014 IL 115756, ¶ 26, 10 N.E.3d 843.

¶ 14        In this case, it is undisputed the evidence defendant seeks to be tested was subjected to fingerprint and DNA testing at the time of his guilty plea, testing which produced results implicating defendant in the offenses committed in case Nos. 02-CF-665 and 02-CF-664. Despite that being so, defendant, contrary to the explicit requirements of section 116-3(a)(2), has not identified any additional testing methods not scientifically available at the time of his guilty plea that would provide a reasonable likelihood of more probative results. Accordingly, the testing requested by defendant fails to satisfy the statutory requirements set forth in section 116-3(a). On this ground alone, the trial court's judgment may be sustained.

¶ 15        In reaching this decision, we note defendant, both in his motion for testing and in his appellate brief, makes various assertions unrelated to the requested testing. For instance, defendant asserts, as he did in prior collateral attacks against his conviction and sentence, trial counsel provided ineffective assistance. Because the assertions made by defendant are unrelated to the requested testing, they are not properly before this court, and we have not considered them.

¶ 16                        III. CONCLUSION

¶ 17        For the reasons stated, we affirm the trial court's judgment.

¶ 18        Affirmed.