NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 220692-U

NOS. 4-22-0692, 4-23-0194 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DONTEL DEON CROWDER, | ) | Nos. 18CF1258 |
| Defendant-Appellant. | ) | 19CF46 |
| | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The circuit court did not err in granting the State's motion to dismiss defendant's petition for relief from judgment due to untimeliness.

(2) The circuit court did not err in summarily dismissing defendant's postconviction petition as frivolous or patently without merit because defendant failed to set forth the gist of a constitutional claim that was not completely contradicted by the record.

¶ 2    Defendant, Dontel Deon Crowder, appeals the circuit court's dismissal of his (1) section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2022)) in McLean County case No. 18-CF-1258 and (2) postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) in McLean County case No. 19-CF-46. This court granted defendant's motion to consolidate the two cases on appeal. In case No. 18-CF-1258,

the circuit court granted the State's motion to dismiss defendant's section 2-1401 petition, finding the petition was untimely and failed to provide any legal basis for relief. The court summarily dismissed defendant's postconviction petition in case No. 19-CF-46, finding it "frivolous and patently without merit and fail[ed] to present the gist of a constitutional claim." On appeal, defendant argues the court erred in dismissing his petitions. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            In December 2018, defendant was charged in case No. 18-CF-1258 with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2018)) (count I) and domestic battery (*id.* § 5/12-3.2(a)(1)) (count II). Following defendant's arrest, the victim, J.S., obtained an order of protection against defendant. One month later, defendant was charged in case No. 19-CF-46 with violating said order of protection. (*id.* § 5/12-3.4(a)(1)).

¶ 5            Pursuant to a partially negotiated plea agreement, defendant pled guilty to count II in case No. 18-CF-1258 and violation of an order of protection in case No. 19-CF-46. In exchange for defendant's plea, the State dismissed count I in case No. 18-CF-1258, along with a petition to revoke probation in an unrelated case. On October 11, 2019, the circuit court sentenced defendant to 30 months of drug court probation. Defendant did not file any posttrial motions after his sentencing.

¶ 6            The State filed a petition to revoke defendant's probation in January 2022. While the petition was pending, defendant filed a "1401 Petition to Withdraw Guilty Plea and Vacate Sentence" in case No. 18-CF-1258 and a "Petition to Withdraw Guilty Plea Pursuant to 725 ILCS 5/122-1 A/K/A the Post-Conviction Hearing Act" in case No. 19-CF-46.

¶ 7                      A. Section 2-1401 Petition for Relief From Judgment

¶ 8            Defendant filed his section 2-1401 petition for relief from judgment in May 2022.

His petition alleged: (1) he received ineffective assistance of counsel because his trial counsel failed to properly investigate the charges against him and (2) the State failed to turn over all the evidence against him. In support of his arguments, defendant described an incident from December 8, 2018, the day before he was arrested for aggravated domestic battery against J.S. On December 8, officers responded to defendant's residence to investigate a possible domestic battery in which defendant was the aggressor and J.S. was the victim. The officers made no arrests and one officer's report expressed doubt as to whether a domestic battery occurred. Defendant alleged the State failed to turn over a copy of this report as part of discovery and his trial counsel failed to investigate the December 8 incident. Defendant claimed this report demonstrated J.S. had "substantial credibility issues." The petition also described the events leading to his arrest in case No. 18-CF-1258. On December 9, 2018, officers responded to defendant's residence after receiving a 911 call about a female screaming. When officers entered the residence, J.S. reported defendant bit and choked her, causing her to have a seizure. Defendant's brother, Laron Crowder, told police he was present during the incident and corroborated J.S.'s version of events. The December 9 police report included photographs of J.S.'s injuries. Defendant alleged these photographs demonstrated J.S. had no injuries and no domestic battery occurred.

¶ 9        The section 2-1401 petition conceded defendant failed to file his petition within the two-year statute of limitations. See 735 ILCS 5/2-1401(c) (West 2022). However, defendant asserted his petition was not untimely due to fraudulent concealment by his trial counsel. Specifically, defendant stated, "had his previous counsel not fraudulent [*sic*] represented that he had reviewed all the evidence for and against [defendant]; or had not fraudulently withheld favorable evidence in favor of [defendant]; [defendant], or his counsel would have been alerted to the mistakes before the guilty plea was entered."

¶ 10        Attached to defendant's petition were: a McLean County incident report from December 9 (exhibit A); photographs of J.S. from December 9 (exhibits B-E); a copy of detective Jesse Lanphear's deposition in McLean County case No. 20-L-173 (exhibit F); and a McLean County incident report from December 8 (exhibit G).

¶ 11        After being properly served with defendant's section 2-1401 petition, the State filed a motion to dismiss, asserting: (1) defendant's petition was untimely and (2) even if the circuit court excused the untimeliness, a section 2-1401 petition was not the proper avenue for ineffective assistance of counsel claims. In support of its untimeliness argument, the State asserted defendant failed to prove "any information was 'fraudulently concealed,' " which is necessary to toll the two-year statute of limitations. According to the State, defendant's petition failed to (1) demonstrate the State attempted to prevent him from discovering the materials, (2) offer any facts showing defendant acted in good faith and with reasonable diligence to discover the materials and bring his claim within the statute of limitations, and (3) present any evidence demonstrating the materials would have affected the outcome of defendant's case. Moreover, the State contended defendant had the materials in his possession in April 2021, which was within the statute of limitations; however, defendant failed to file his petition until May 2022.

¶ 12        One month after the State filed its motion to dismiss, defendant filed a response. In his response, defendant argued the State failed to turn over the December 8 report and December 9 photographs as part of discovery in case No. 18-CF-1258. According to defendant, this failure constituted a *Brady* violation (*Brady v. Maryland*, 373 U.S. 83 (1963)) and thus qualified as fraudulent concealment. Therefore, the two-year statute of limitations was tolled and defendant's petition was timely filed. Defendant then conceded his ineffective assistance claim could be stricken but requested the circuit court "not prevent [him] from discussing the actions or inactions

of his trial counsel." In support of this request, defendant argued the actions of his trial counsel were directly related to "the fraudulent concealment; possible *Brady* violations; trial strategy; and plea negotiations."

¶ 13        In October 2022, the State filed a reply to defendant's response. In its reply, the State asserted defendant received a copy of the December 9 photographs as part of discovery in case No. 18-CF-1258. Attached to the reply were documents confirming the December 9 photographs were provided to trial counsel as part of discovery. Additionally, the State argued the December 8 report was not *Brady* material because the result of the proceedings would not have changed if defendant received a copy of it. Unlike the events on December 8, there was an independent eyewitness present on December 9 who corroborated J.S.'s version of events. Therefore, the December 8 report in which the officer doubted J.S.'s credibility would have little weight as to defendant's charges from December 9.

¶ 14        Defendant then filed a motion requesting leave to file a supplemental response to the State's reply. A copy of defendant's supplemental response was attached to the motion as exhibit A. However, the record is devoid of any order granting defendant's motion for leave to file.

¶ 15        In January 2023, the circuit court granted the State's motion to dismiss defendant's section 2-1401 petition. In its written order, the court differentiated between the well-pleaded facts and arguments/opinions in defendant's petition. The court listed the following as arguments/opinions:

"a. [Defendant] received ineffective assistance of counsel in this case and thus his rights under both the United States and the State of Illinois were violated.

b. Had [defendant's] previous attorney properly investigated this matter, they would have noticed there was no physical evidence and that [J.S.] had

substantial credibility issues;

    c. '[Defendant] avers had his previous counsel not fraudulent [*sic*] represented that he had reviewed all the evidence for and against [defendant]; or had not fraudulently withheld favorable evidence in favor of [defendant]; [defendant], or his counsel would have been alerted to the mistakes before the guilty plea was entered.' "

The order then addressed the timeliness of defendant's petition, finding it was undisputed defendant failed to file the petition within the two-year statute of limitations and defendant's counsel obtained the "relevant materials" within the statute of limitations. It then determined defendant failed to meet his burden in proving "fraudulent concealment of discoverable materials by the State which would have prevented [defendant] from bringing this action in a timely fashion." The court also found defendant's ineffective assistance of counsel claim was not an applicable basis for relief in a section 2-1401 petition.

¶ 16                              B. Postconviction Petition

¶ 17        Defendant also filed a postconviction petition in case No. 19-CF-46 in May 2022. The postconviction petition alleged defendant's constitutional rights were violated when (1) the State utilized the more serious felonies in case No. 18-CF-1258 to convince defendant to plead guilty to lesser charges, (2) his trial counsel provided ineffective assistance by failing to properly investigate the charges against him, and (3) the State failed to turn over all the evidence against him. In support of his allegations, defendant provided a factual summary of his arrest in case No. 18-CF-1258, which appears to be verbatim from his section 2-1401 petition. Defendant then stated he was arrested for the violation of an order of protection charge in case No. 19-CF-46 while awaiting trial on the charges in case No. 18-CF-1258. Although defendant was charged with

violation of an order of protection, defendant asserted the evidence demonstrated "[t]he investigating officer *** was never able to establish [defendant] was the person actually making the calls; and it does not appear the alleged victim wanted to pursue charges."

¶ 18    Attached to defendant's postconviction petition were the same exhibits attached to his section 2-1401 petition, with the addition of a McLean County incident report from January 11, 2019 (exhibit H).

¶ 19    On August 5, 2022, the circuit court summarily dismissed defendant's petition as frivolous and patently without merit. In its written order, the court outlined the grounds for relief raised in defendant's petition:

> "A. That there was insufficient evidence to convict.
>
> B. That the State used more serious felonies it charged against [defendant], to obtain guilty pleas for lesser charges.
>
> C. That [defendant] received ineffective assistance of counsel in that if [his] previous attorney properly investigated this matter, they would have noticed there was no physical evidence; that [J.S.] had substantial credibility issues; that the Order of Protection was wholly without merit; and that the Bloomington Police Department closed the file without making a positive identification of [him].
>
> D. In the alternative, had the State turned over all the evidence against and for [defendant], [he] would have noticed there was no physical evidence; that [J.S.] had substantial credibility issues; that the Order of Protection was wholly without merit; and that the Bloomington Police Department closed the file without making a positive identification of [him]."

After noting the alleged grounds for relief, the court found issues A and B failed to set forth the gist of a constitutional claim. With respect to claims C and D, the court stated, "Issues C and D in [defendant's] Post Conviction Petition allege in one way or another, ineffective assistance of counsel." It then analyzed those claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and found defendant's claims either waived by his guilty plea or insufficient to establish ineffective assistance of counsel. The court's written order did not address defendant's claim that the State failed to turn over all the evidence against him.

¶ 20        Defendant timely appealed the dismissal of both his petitions.

¶ 21        This appeal follows.

¶ 22                                II. ANALYSIS

¶ 23        Defendant appeals the circuit court's dismissal of both his petitions. In case No. 18-CF-1258, defendant asserted the court erred in granting the State's motion to dismiss his section 2-1401 petition because his petition was timely filed due to the tolling of the statute of limitations based on the acts of fraudulent concealment by the State and his trial counsel. In case No. 19-CF-46, defendant contends the court erred in summarily dismissing his postconviction petition because his petition set forth the gist of a constitutional claim. We address each argument in turn.

¶ 24                A. Section 2-1401 Petition in Case No. 18-CF-1258

¶ 25                    1. *Section 2-1401 Petitions, Generally*

¶ 26        The purpose of a section 2-1401 petition for relief from judgment is "to bring before the trial court facts not appearing in the record that, if known at the time the court entered judgment, would have prevented the judgment's entry." *People v. Bramlett*, 347 Ill. App. 3d 468, 473 (2004). To obtain relief under section 2-1401, a defendant's petition must include

" 'specific factual allegations showing (1) the existence of a meritorious claim or

- 8 -

defense in the original action; (2) due diligence in presenting the claim or defense to the court in the original action; and (3) due diligence in filing the section 2-1401 petition.' " *People v. Poole*, 2022 IL App (4th) 210347, ¶ 77 (quoting *People v. Davis*, 2012 IL App (4th) 110305, ¶ 14).

A section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2022)). However, "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." *Id.* This court reviews the circuit court's dismissal of a section 2-1401 petition *de novo*. *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 13. "[*D*]*e novo* review means that '[w]e perform the same analysis that a trial court would, and we owe no deference to the trial court.' " *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 30 (quoting *People v. Avdic*, 2023 IL App (1st) 210848, ¶ 25).

¶ 27   2. *Defendant's Section 2-1401 Petition*

¶ 28   In this case, the circuit court granted the State's motion to dismiss defendant's section 2-1401 petition based on timeliness. Defendant filed his petition in May 2022, almost three years after judgment was entered against him in October 2019. The court determined defendant failed to present sufficient evidence of fraudulent concealment necessary to toll the two-year statute of limitations. On appeal, defendant challenges the court's untimeliness finding. According to defendant, the State and his trial counsel fraudulently concealed materials from him, which he did not discover until "at least April 2021." Therefore, the statute of limitations was tolled until April 2021 and his petition was timely filed.

¶ 29   To prove fraudulent concealment, "the defendant must 'allege facts demonstrating that his opponent *affirmatively attempted to prevent the discovery of the purported grounds for*

- 9 -

*relief* and must offer factual allegations demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period.' " (Emphasis added.) *People v. Coleman*, 206 Ill. 2d 261, 290 (2002) (quoting *People v. McLaughlin*, 324 Ill. App. 3d 909, 918 (2001)). Furthermore, "[f]raudulent concealment under section 2-1401(c) which will toll the two-year limitation period contemplates *affirmative actions by one's opponent or by the court, not one's own attorney*." (Emphasis added.) *People v. Baskin*, 213 Ill. App. 3d 477, 485 (1991)).

¶ 30        On appeal, defendant argues the two-year statute of limitations was tolled because the State and his trial attorney withheld the December 8 report and December 9 photographs. However, defendant's section 2-1401 petition, when addressing fraudulent concealment, makes no mention of fraudulent concealment by the State. The petition only alleges his trial counsel "fraudulently withheld favorable evidence," and thus the two-year statute of limitations "is not applicable." It is well-established fraudulent concealment only applies to actions by an opponent or the court, not a defendant's attorney. See *People v. Heard*, 2021 IL App (4th) 190228-U, ¶ 17. For this reason alone, defendant's section 2-1401 petition fails to set forth an adequate basis for fraudulent concealment. However, defendant attempts to argue on appeal there can be fraudulent concealment by one's own attorney. We find defendant's argument unpersuasive.

¶ 31        Nevertheless, even if we found defendant's argument persuasive, defendant still failed to properly plead fraudulent concealment because he did not offer any evidence regarding any specific affirmative acts his trial counsel took to prevent him from discovering the December 8 report and December 9 photographs. Additionally, defendant did not plead any facts demonstrating his good faith and diligence in discovering these materials. Because defendant failed to adequately plead fraudulent concealment, the circuit court properly dismissed his section 2-1401 petition as untimely.

¶ 32                    B. Postconviction Petition in Case No. 19-CF-46

¶ 33                        1. *First-Stage Postconviction Proceedings*

¶ 34          Proceedings under the Post-Conviction Hearing Act have three stages. *People v. Allen*, 2015 IL 113135, ¶ 21. "At the first stage, the circuit court must review the petition within 90 days of its filing and determine whether the petition states the gist of a constitutional violation." *People v. Bailey*, 2017 IL 121450, ¶ 18. If the court determines the petition does not present the gist of constitutional claim, it must summarily dismiss the petition as frivolous or patently without merit. *People v. Boykins*, 2017 IL 121365, ¶ 9. A petition is considered frivolous or patently without merit when

> "the petition has no arguable basis either in law or in fact. A petition which lacks
> an arguable basis either in law or in fact is one which is based on an indisputably
> meritless legal theory or a fanciful factual allegation. An example of an indisputably
> meritless legal theory is one which is completely contradicted by the record."
> *People v. Hodges*, 234 Ill. 2d 1, 16 (2009).

We review the circuit court's summary dismissal of a postconviction petition *de novo*. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 61.

¶ 35                        2. *Defendant's Postconviction Petition*

¶ 36          Defendant argues the circuit court erred in summarily dismissing his postconviction petition because he set forth the gist of a constitutional claim on the grounds of ineffective assistance of counsel and the State's violation of *Brady*. Additionally, defendant contends his petition set forth a colorable claim of actual innocence. We address each of defendant's arguments in turn.

¶ 37                        a. Ineffective Assistance of Counsel

¶ 38        Defendant alleges his postconviction petition properly set forth a claim of ineffective assistance of counsel. In his petition, defendant alleged his trial counsel failed to properly investigate the charges against him before he pleaded guilty. Because of his trial counsel's failure to investigate, his counsel failed to discover the January 2019 police report, which indicated the officer was unable to get in contact with J.S. to have her identify defendant's voice on the recorded phone calls. According to defendant, this failure arguably constituted ineffective assistance of counsel.

¶ 39        Even assuming, *arguendo*, defendant's petition established his trial counsel's failure to discover the January 2019 report, the record completely contradicts defendant's claim he was prejudiced by this failure. At the hearing where the circuit court accepted defendant's guilty plea, the State proffered the investigating officer heard defendant's and J.S.'s voices on 12 recorded phone calls. Moreover, the officer would testify to his familiarity with their voices. Defendant acknowledged this factual basis before entering his guilty plea. The State had sufficient evidence to convict defendant of violation of an order of protection without testimony from J.S. The factual basis established there was a valid order of protection in place and defendant placed 12 recorded calls to J.S., a protected party under the order of protection. The investigating officer would identify the voices of defendant and J.S. on the recorded phone calls, based on his familiarity with them. Therefore, even if J.S. did not identify defendant's voice on the recorded phone calls, defendant was not prejudiced by the lack of J.S.'s testimony, because the officer could identify the voices. Because the record contradicts defendant's claim of prejudice, the court properly dismissed defendant's ineffective assistance of counsel claim as frivolous and patently without merit.

¶ 40                                b. *Brady* Claim

¶ 41　　　　Defendant next argues his postconviction petition properly set forth a claim the State violated *Brady* by failing to turn over the January 2019 police report.

¶ 42　　　　"In *Brady*, the Supreme Court held that the prosecution violates an accused's constitutional right to due process of law by failing to disclose evidence favorable to the accused and material to guilt or punishment." *People v. Beaman*, 229 Ill. 2d 56, 73 (2008).

> "A *Brady* claim requires a showing that: (1) the undisclosed evidence is favorable to the accused because it is either exculpatory or impeaching; (2) the evidence was suppressed by the State either wilfully or inadvertently; and (3) the accused was prejudiced because the evidence is material to guilt or punishment." *Id.* at 73-74.

¶ 43　　　　Defendant's *Brady* claim fails for the same reason as his ineffective assistance of counsel claim. Namely, the record rebuts defendant's claim of prejudice. Even taking defendant's allegation that the State withheld the January 2019 police report as true, the record demonstrates he was not prejudiced. See *People v. Robinson*, 2020 IL 123849, ¶ 45 ("At the pleading stage of postconviction proceedings, all well-pleaded allegations in the petition and supporting affidavits that are not positively rebutted by the trial record are to be taken as true."). As discussed above, the January 2019 police report simply established J.S. had not identified defendant's voice on the recorded phone calls. Defendant was not prejudiced by the State failing to turn over the report because this lack of identification by J.S. was not an impediment to the charges against him. The State had sufficient evidence to convict him without it. Because the record completely rebuts defendant's claim of prejudice, the circuit court properly dismissed defendant's *Brady* claim as frivolous and patently without merit.

¶ 44　　　　　　　　　　c. Actual Innocence Claim

¶ 45 Lastly, defendant argues his postconviction petition set forth a colorable claim of actual innocence. Defendant asserts the January 2019 police report was new evidence "not available before Defendant entered his guilty plea and it directly negates the State's claim that it had confirmed Defendant made the calls."

¶ 46 An actual innocence claim requires a defendant provide "new, material, noncumulative evidence that clearly and convincingly demonstrates that a trial would probably result in acquittal" *People v. Reed*, 2020 IL 124940, ¶ 57. In *Robinson*, 2020 IL 123849, ¶ 50, our supreme court, in determining whether a defendant set forth a colorable claim of actual innocence in his postconviction petition, considered whether defendant had "raised the probability that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

¶ 47 In this case, defendant's postconviction petition failed to set forth a colorable claim of actual innocence. The January 2019 police report does not make it more likely than not defendant would have been acquitted at trial. Even if J.S. refused to cooperate and did not testify at defendant's trial, the State had another independent witness who was able to identify the voices of defendant and J.S. on the 12 recorded phone calls. The testimony of this witness, coupled with proof of the valid order of protection, was sufficient to convict defendant of violation of an order of protection. For this reason, the circuit court properly dismissed defendant's actual innocence claim as frivolous and patently without merit.

¶ 48                                III. CONCLUSION

¶ 49 For the reasons stated, the McLean County circuit court's judgments in case No. 18-CF-1258 and case No. 19-CF-46 are affirmed.

¶ 50 Affirmed.